UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>                    Petitioner,<br><br>    vs.<br><br>DARIN YOUNG,<br><br>                    Respondent. | 4:20-CV-04087-KES<br><br><br>ORDER FOR SERVICE |

## INTRODUCTION

Pending before the court is a pro se petition pursuant to 28 U.S.C. § 2254 filed by Diw Bol Kiir.  See Docket No. 1.  This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.  The court recommends serving Mr. Kiir's petition on respondent.

## FACTS & DISCUSSION

Rule 4 of the Rules Governing Section 2254 Proceedings states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court has screened this petition pursuant to Rule 4 of the Rules Governing Habeas Corpus and concluded Mr. Kiir's petition should be served on respondent.

Mr. Kiir was convicted in state circuit court in South Dakota and is now a prisoner in South Dakota's state prison system. He has filed a state habeas petition challenging his conviction which, at this court's last knowledge earlier this year, was still pending. Since his first arrest on state charges, Mr. Kiir has filed many prior § 2254 petitions, all of which have been dismissed as premature because Mr. Kiir had not yet been convicted, or he had not yet exhausted his claims in state court first. See Civil Case Nos. 20-4052, 19-4146, 19-4139, 19-4056, 18-4096, and 15-4168. In each of these prior petitions, Mr. Kiir attempted to collaterally attack his conviction.

In his present petition, Mr. Kiir distinguishes this petition from his others by asserting that he is *not* collaterally attacking his conviction. Rather, he petitioned the South Dakota Supreme Court for release on bail while his state habeas petition was being adjudicated. The South Dakota Supreme Court denied Mr. Kiir's request for post-conviction bail. Mr. Kiir asserts it is *this* decision of the South Dakota Supreme Court he attempts to challenge in his current § 2254 petition.

A federal court may grant habeas relief for refusal of state authorities to grant bail *pre-trial* where that refusal constitutes a violation of a constitutional right. See 28 U.S.C. § 2241; Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004). Additionally, where a federal § 2254 habeas petition is pending, the

federal court has limited discretionary power to grant the petitioner bail if certain extraordinary circumstances are present. Martin v. Solem, 801 F.2d 324, 329-30 (8th Cir. 1986). Specifically, the petitioner must show a substantial federal constitutional claim that is a clear case on the law and readily evident on the facts. Id. See also United States v. Wiele, 2008 WL 1734209 at *3 (D. Minn. Apr. 10, 2008). Even then, the decision to grant bail pending adjudication of a habeas petition in federal court rests in the court's discretion—the petitioner does not have a constitutional right to be afforded bail while his habeas petition is pending.

Here, Mr. Kiir's petition does not fall into either of these two categories. He is not in a *pre-trial* posture which might bring him under the auspices of § 2241; rather, he is in a *post-conviction* posture. Additionally, he does not currently have pending a federal habeas petition which establishes a substantial federal constitutional claim that is clear on the facts and the law. All of his prior habeas petitions which raised substantive claims regarding his conviction were dismissed for failure to exhaust state remedies. His current petition, he is careful to make clear, raises no issues regarding his conviction.

What the court is presented with, then, is a claim that the state supreme court's refusal to grant bail to Mr. Kiir while his state habeas petition remains pending violates his constitutional rights. A state prisoner does not have an absolute right to bail post-conviction. Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982); Finetti v. Harris, 609 F.2d 594 (2d Cir. 1979); Hamilton v. New Mexico, 479 F.2d 343 (10th Cir. 1973); Gamble v. Jones, 1988 WL 192542 at

\*\*1-2 (W.D. Mo. Jun. 21, 1988).  The Eighth Circuit has held a state prisoner's claim that state courts set excessive bail post-conviction did not present a cognizable claim in a federal habeas proceeding.  Sheldon v. Nebraska, 401 F.2d 342, 346 (8th Cir. 1968).

However, if state law allows for bail post-conviction, the Eighth Amendment to the United States Constitution provides bail cannot be set or denied arbitrarily or unreasonably.  United States ex rel. Fitzgerald v. Jordan, 747 F.2d 1120, 1133 (7th Cir. 1984).  Under South Dakota state law, a habeas petitioner *may* be released on bond if the petition for habeas relief is granted, but there is no absolute right to release on bond even if the habeas petition is granted.  SDCL § 21-27-19.  In addition, only the South Dakota Supreme Court can permit release of a habeas petitioner on bail while his petition remains pending and undecided.  SDCL § 21-27-20.  There are no cases by the South Dakota Supreme Court interpreting this statute.  The statute itself offers no guidelines or criteria for the Supreme Court to exercise its discretion.

Here, Mr. Kiir has alleged he petitioned the South Dakota Supreme Court pursuant to SDCL § 21-27-20 for bond.  Mr. Kiir has alleged that court arbitrarily denied him bond.  The state court records are not before this court to be able to ascertain the grounds for the South Dakota Supreme Court's decision.  The court concludes that, facially, Mr. Kiir has alleged facts which, if true, support a non-frivolous claim.  Accordingly, the court concludes the petition should be served on respondent and an answer filed.

## CONCLUSION & ORDER

Based upon the foregoing discussion, it is hereby ORDERED that:

(1) the Clerk of Court is directed to serve upon the respondent and the Attorney General of the State of South Dakota a copy of the petition and this Order;

(2) respondents will file and serve a response to the petition within thirty (30) days after receipt of this Order;

(3) respondents shall cause to be filed copies all pertinent records regarding Mr. Kiir's petition to the South Dakota Supreme Court asking for bond.

DATED this 12th day of June, 2020.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge