UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>                       Petitioner,<br><br>    vs.<br><br>DARIN YOUNG,<br><br>                       Respondent. | 4:20-CV-04087-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Pending before the court is petitioner Diw Bol Kiir's seventh *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254 filed in this court.[1] See Docket No. 1. The court ordered the petition served on respondent and ordered respondent to file a response thereto. Docket No. 3. Respondent has now filed a response, a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Docket No. 5.

The court notified Mr. Kiir that he had 24 days to file a response in opposition to respondent's motion to dismiss. See Docket No. 8. Two months and 28 days have elapsed since the filing of respondent's motion and Mr. Kiir has failed to respond in opposition. He has, as noted in footnote 1, instead

---

[1] Petitioner also filed habeas petitions in 4:15-cv-4168, 4:18-cv-4096, 4:19-4056, 4:19-4139, 4:19-4146, and 4:20-cv-4052. These were all dismissed for failure to exhaust his claims in state court. Petitioner also filed an eighth habeas petition pursuant to § 2254 after filing the instant petition. See Kiir v. Young, 4:20-cv-4128.

filed an eighth § 2254 petition factually unrelated to the claim in this present one.

This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. The court finds respondent's motion meritorious and recommends it be granted.

## FACTS

Respondent, at the court's direction, filed all relevant state court files from Mr. Kiir's underlying conviction with this court. From those materials, the court finds the following facts.

Mr. Kiir was arrested on May 15, 2015, on various charges including possession of methamphetamine, possession of a firearm with an altered serial number, assaulting a police officer, resisting arrest, and possession of a firearm while he was prohibited from doing so.

While his case was pending pretrial before the South Dakota Circuit Court for the Second Judicial Circuit, he requested release on bond. A state magistrate judge set Mr. Kiir's bond at $25,000 cash only. The magistrate judge cited in support of its ruling Mr. Kiir's record of past failures to appear in court; the fact that the current charges involved the use of a gun, possession of drugs, assault on a police officer, resisting arrest; and the fact Mr. Kiir had no ties to the state of South Dakota. See Docket No. 6 at pp. 4-5.

When Mr. Kiir was subsequently brought before the state circuit court judge, he requested that his bond amount be lowered.  Id.  The circuit judge agreed with the factors cited by the magistrate judge, but lowered Mr. Kiir's bond to $10,000 cash only.  Id.  Mr. Kiir took a third stab at obtaining a lower bond amount before the circuit court judge, and that judge refused to reduce his bond further.  Id.  Upon review of the file, the circuit court judge stated it could not imagine why it had lowered Mr. Kiir's bond in the first place as a $25,000 bond, given the facts pertinent to Mr. Kiir's release, seemed reasonable.  Id.

Thereafter, Mr. Kiir availed himself of his right to a jury trial and was convicted of several charges and sentenced to serve a term of imprisonment in the state penitentiary system.  Mr. Kiir pursued a direct appeal to the South Dakota Supreme Court, which affirmed the trial court in all respects on August 2, 2017.

On December 29, 2017, Mr. Kiir filed a habeas petition in state court.  Almost two years later, he requested the state circuit court judge handling his habeas petition to release him on bail.  The state circuit court judge refused, stating as its reason there was no authorization for trial-level courts in South Dakota to grant bail in habeas cases.

Mr. Kiir then filed a motion for bail with the South Dakota Supreme Court pursuant to SDCL § 21-27-20.  That court denied Mr. Kiir's request without citing to any authority or providing any analysis, but simply stating it was ruling after "being fully advised in the premises."  Less than two months

after the South Dakota Supreme Court ruled on his bail request, Mr. Kiir filed the instant federal habeas petition in this court.

## DISCUSSION

Federal review of habeas petitions by state prisoners like Mr. Kiir's are sharply circumscribed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a federal court may only reverse a fully exhausted state court decision denying habeas relief under one of two circumstances: (1) if the state court decision is an unreasonable application of clearly established federal law, or (2) if the state court's determination of the facts was unreasonable in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (§ 2254(d)(1) and (2) are two independent bases for a state prisoner to seek federal habeas relief).

An "unreasonable" decision under subdivision (d)(1) is different from an "incorrect" decision by a state court. Harrington v. Richter, 562 U.S. 86, 101 (2011). A federal court may not reverse a state court decision because it is an unreasonable application of federal law so long as "fairminded jurists could disagree" on the correctness of the state court decision. Id. " '[C]learly established Federal law' is the governing legal principle or principles set forth by th[e] [United States Supreme] Court at the time a state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 64 (2003). The Court has defined the phrase "contrary to" to "mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.' " Williams, 529 U.S. at 405 (citing

4

Webster's Third New International Dictionary 495 (1976)).  "A state court decision is 'contrary to' clearly established Supreme Court precedent if it 'applies a rule that contradicts the governing law set forth in [the Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent.' "  Morales v. Ault, 476 F.3d 545, 549 (8th Cir. 2007) (citing Williams, 529 U.S. at 405-06).

"[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not enjoy support in the record."  Morales, 476 F.3d at 550.

Here, South Dakota law grants the exclusive authority to grant bail to habeas petitioners to the South Dakota Supreme Court.  See SDCL § 21-27-20.  It is difficult to tell what the rationale of the South Dakota Supreme Court was in denying Mr. Kiir bail while his state habeas petition was pending because the order denying bail was summary in nature.

The Supreme Court has instructed lower federal courts that when the final decision of a state court is unexplained, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and assume that the unexplained decision relied upon the same rationale.  Wilson v. Sellers, 584 U.S. ___, 138 S. Ct. 1188, 1192 (2018).

Here, the last reasoned decision were the decisions by the state magistrate judge and the state circuit court judge when Mr. Kiir's case was in its pretrial stage. Those courts gave rationale for why they set Mr. Kiir's bail at $25,000 and then $10,000 cash only. They both recited Mr. Kiir's failure to appear in prior court proceedings, the serious nature of the charges against Mr. Kiir, and the fact Mr. Kiir had no ties to the Sioux Falls, South Dakota, area where he was arrested and charged.

South Dakota state law lists the factors trial courts are to evaluate in determining whether to grant bail and, if so, the amount of bail: the nature and circumstances of the offenses charged; the weight of the evidence against the defendant; the defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, conviction record, and record of appearing at prior criminal matters; and the risk of flight and danger posed by defendant's release. See SDCL § 23A-43-4. The state court judges here certainly considered at least some of these factors as articulated on the record. Under the Supreme Court's instruction, these lower court decisions that contain an articulated rationale are presumed to have been the same rationale relied upon by the South Dakota Supreme Court when denying Mr. Kiir bail in his habeas action. Wilson, 138 S. Ct. at 1192.

The question then becomes whether those lower court decisions violated Mr. Kiir's Eighth Amendment rights as made applicable to the states through the Fourteenth Amendment. A state prisoner does not have an absolute right to bail post-conviction. Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982);

Finetti v. Harris, 609 F.2d 594, 597 (2d Cir. 1979); Hamilton v. New Mexico, 479 F.2d 343, 344 (10th Cir. 1973); Gamble v. Jones, No. 87-1093-CV-W-9-P, 1988 WL 192542, at *1-2 (W.D. Mo. June 21, 1988). The Eighth Circuit has held a state prisoner's claim that state courts set excessive bail post-conviction did not present a cognizable claim in a federal habeas proceeding. Sheldon v. Nebraska, 401 F.2d 342, 346 (8th Cir. 1968).

However, if state law allows for bail post-conviction, the Eighth Amendment to the United States Constitution provides bail cannot be set or denied arbitrarily or unreasonably. United States ex rel. Fitzgerald v. Jordan, 747 F.2d 1120, 1133 (7th Cir. 1984).

The state statute governing bail pretrial sets forth constitutionally permissible factors for a court to consider in setting bail. They are nearly identical to the factors enumerated under the federal Bail Reform Act, 18 U.S.C. § 3142, and the Court has held the Bail Reform Act does not violate the Eighth Amendment's excessive bail prohibition. United States v. Salerno, 481 U.S. 739, 754-55 (1987). Therefore, Mr. Kiir has failed to argue or show that the South Dakota bail statutes are facially unconstitutional.

In addition, the state magistrate judge and the state circuit judge clearly applied these factors in deciding whether to grant Mr. Kiir bail (they did grant him bail), and in deciding the proper amount of bail. Mr. Kiir has not pointed to any facts presented before the state courts that would show their findings of fact were unreasonable determinations of fact given the evidence presented. Nor has he pointed to any decision of the Supreme Court that, on similar facts,

7

reached the opposite legal conclusion, so Mr. Kiir has failed to demonstrate the state courts unreasonably applied clearly established federal law.

But, Mr. Kiir argues in his initial petition, his state habeas petition presented weighty constitutional issues on which he is likely to prevail. See Docket No. 1. Therefore, he asserts, the South Dakota Supreme Court should have granted him bail while his state habeas petition was pending. Id. This assertion is contradicted by Mr. Kiir's eighth federal habeas, filed subsequent to this seventh petition, in which he states that the state circuit court denied all of his requests for habeas relief. See Kiir v. Young, 4:20-cv-4128, Docket No. 1 (D.S.D. Aug. 27, 2020).

Respondent argues and supports its argument with appropriate legal authority—that the last state court decision, which contains rationale denying Mr. Kiir bail and which addresses the merits of the issue, demonstrate that Mr. Kiir's Eighth Amendment rights were not violated by setting his bail first at $25,000 cash only, and then at $10,000 cash only. Because those decisions did not violate Mr. Kiir's constitutional rights under the Eighth and Fourteenth Amendments being neither arbitrary nor unreasonable, respondent argues this court should deny habeas relief to Mr. Kiir in this seventh § 2254 petition. The court agrees.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondent's motion to dismiss [Docket No. 5] be granted in its entirety and that Mr. Kiir's seventh federal habeas petition be

dismissed. A dismissal pursuant to Rule 12(b)(6) may be with or without prejudice. Orr v. Clements, 688 F.3d 463, 465 (8th Cir. 2012). This court respectfully recommends a dismissal with prejudice because the state court records provided by respondent make it exceedingly unlikely Mr. Kiir could amend his petition to assert additional facts or law that would result in his claim surviving another motion to dismiss.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 8th day of October, 2020.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge